IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| GENE JAMES JIRAK, ) | |
| ) | Bankruptcy No. 11-01514 |
| Debtor. ) | |

### ORDER RE: MOTION TO DISMISS CASE

This matter came before the undersigned on October 18, 2011 on Trustee's Motion to Dismiss Case. Carol Dunbar appeared as the Chapter 13 Trustee. Attorney John Schmillen appeared for the U.S. Trustee. Debtor Gene Jirak did not appear, nor did anyone appear on his behalf. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

### STATEMENT OF THE CASE

Trustee moves to dismiss this case on several grounds. The U.S. Trustee filed a comment in support of the motion to dismiss. Trustee asserts Debtor has not provided her with copies of 2009 and 2010 tax returns or pay stubs or other pay information showing all sources of income. Debtor testified at the meeting of creditors that he has not filed Iowa or Federal income tax returns for many years. Additionally, Trustee notes that Debtor has not timely complied with the Court's September 15, 2011 giving Debtor until October 5, 2011 to amend his plan and to amend Schedules B, I and J. Debtor is also currently delinquent in making plan payments.

The U.S. Trustee notes that Debtor's Schedule J shows negative monthly net income of -$1,108.92. This shows Debtor does not have the ability to make any payment to creditors under a Chapter 13 plan. Debtor's proposed plan (Doc. 11) attempts to reduce his monthly child support obligation and his monthly mortgage payment. The U.S. Trustee argues that neither of these reductions is allowed by the Bankruptcy Code.

## CONCLUSIONS OF LAW

Section 1307(c) provides a non-exclusive list of grounds which may constitute cause for dismissal of a Chapter 13 case. In re Dudley, 273 B.R. 197, 199 (B.A.P. 8th Cir. 2002). That section states, in pertinent part:

> on request of a party in interest . . . the court may convert [or] dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including – (1) unreasonable delay by the debtor that is prejudicial to creditors; . . . (3) failure to file a plan timely. . . [or] (4) failure to commence making timely payments. . .

11 U.S.C. § 1307(c). The bankruptcy court has discretion to determine whether to convert or dismiss a Chapter 13 case under this section. In re Tolbert, 255 B.R. 214, 216 (8th Cir. BAP 2000). In addition, the court shall dismiss or convert a Chapter 13 case upon the failure of the debtor to file a tax return for taxable periods ending during the four years prepetition. 11 U.S.C. §§ 1307(e), 1308(a).

## ANALYSIS

Based on the foregoing, the Court concludes cause exists to dismiss this case. Debtor filed his Chapter 13 petition on June 24, 2011. Thus, the automatic stay has been in place for almost four months without a confirmable plan on file. Debtor has not provided Trustee with information required by the Bankruptcy Code regarding his income. He has failed to file tax returns for taxable periods within four years prepetition.

In addition, Debtor has not filed an amended plan or amended schedules as ordered by the Court. The schedules on file show that Debtor does not have sufficient income to fund a plan. Trustee reports that Debtor is delinquent in making plan payments according to his proposed plan. All these circumstances lead the Court to conclude that cause exists to dismiss this case as requested by Trustee and supported by U.S. Trustee.

**WHEREFORE**, the Motion to Dismiss Case is GRANTED.

**FURTHER**, this case is DISMISSED.

Dated and Entered:

October 21, 2011

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE